TO EACH COUNTY JUDGE IN TEXAS:
Due to wide interest,a copy of this is sent for your information.



# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL                                    AUSTIN, TEXAS
ATTORNEY GENERAL

April 1, 1950

Hon. J. P. Williams                 Opinion No. V-1026
County Attorney
Yoakum County                       Re: Present status of
Plains, Texas                           Plains Rural High
                                        School District under
                                        facts submitted and
                                        S.B.230, Acts 51st
                                        Leg., R.S. 1949 (Art.
Dear Sir:                               2815-2, V.C.S.)

        We quote from your recent inquiry as follows:

        "Plains was originally one of sever-
al common school districts of Yoakum Coun-
ty, and was known as Plains Common School
District No. 1.

        "In 1931, Plains Common District and
Stanford Valley Common School District were
consolidated by an election for such purpose
held in each such district, and the result-
ing district became known as Plains Consol-
idated Common School District No. 1.

        "On April 29, 1939, an election was
held pursuant to order of the Yoakum County
Board of Trustees to vote on the grouping
of such Plains Consolidated district, Cen-
tre Point Common School District and Glen
Park Common School District for rural high
school purposes. This election carried in
each of such districts was so declared by
the County Board of Trustees, and became
known as Plains Rural High School District
No. 1.

        "On June 17, 1941, pursuant to order of
Yoakum County Board of Trustees, an election
was held for grouping, and assumption of bond
indebtedness of said Plains district, in More-
land and Turner Common School Districts and
said Plains Rural High School District. This
election carried in each such district, was

so declared by the County Board, and the resulting district became known as Plains Rural High School District No. 1.

"In July 1948, an election was held, pursuant to call by the County Judges in the manner provided in Article 2806, V.C.S., on question of consolidation of such Plains district and Liberty Common School District. This election carried in each district and was so declared by the Commissioners' Court. In August 1948, an election was held in each of said districts on assumption of indebtedness, which carried, and was so declared by the Commissioners' Court. In August 1948, the Commissioners' Court entered its order declaring the boundaries of this new consolidated district which became known as Plains Rural High School District.

"QUESTION: Do the provisions of Section 5 of Article 2815-2, V.C.S. (passed in S.B. 230, Acts 51st Leg., R.S. 1949) constitute the above mentioned Plains Rural High School District an independent school district."

Senate Bill 230, Acts 51st Leg., R.S. 1949, ch. 573, p.1118 (Art.2815-2, V.C.S.), effective July 22,1949, provides in part as follows:

"Sec. 1. Rural high school districts (whether formed by grouping or annexation), common school districts, common county-line school districts, independent school districts, and county-line independent school districts, . . . may be consolidated in the manner provided by Article 2806, Revised Civil Statutes, as amended; . . . Provided further that each such rural high school district indicated in such consolidation shall be considered as one district for voting purposes in such consolidation election . . .

"Sec.4. Any district formed by a consolidation under this Act shall constitute an independent school district and be governed by the General Laws applicable to independent school districts, and it may thereafter be consolidated with any other district or districts under the provisions of this Act.

"Sec. 5. Any district heretofore formed by consolidation in the manner provided in this Act ('in the manner provided by Article 2806') is hereby validated and declared to constitute an independent school district."

The title or caption of Senate Bill 230 reads:

"An Act authorizing rural high school districts, common school districts and independent school districts, including county line districts of any type, and including, under certain conditions, elementary school districts which, without a separate majority vote therein, were annexed to or grouped with other districts under Chapter 59, Acts of the 39th Legislature, relating to rural high school districts, to be consolidated in the manner provided in Article 2806, Revised Civil Statutes, as amended; making provisions for the Board of Trustees to serve such consolidated district until the next regular trustee election; providing that districts consolidated under this Act shall constitute independent school districts and be governed by the General Laws relating to independent school districts; validating districts heretofore consolidated in the manner provided in this Act but providing that such validation shall not apply to any district involved in litigation brought by a taxpaying voter therein questioning the validity of such consolidation; enacting other provisions relating to the subject; and declaring an emergency."

Section 35 of Article III of the Constitution of Texas provides:

"No bill . . . shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The caption of Senate Bill 230 apprises that "districts consolidated under this Act shall constitute

independent school districts and be governed by the General Laws relating to independent school districts." But with respect to districts heretofore consolidated in the manner provided in this Act, it purports only to validate them.  It does not apprise that "districts heretofore consolidated" shall constitute independent school districts.

On the other hand, Section 5 of the body of the Act contains certain provisions which purport to declare districts heretofore consolidated in the manner provided by this Act to constitute independent school districts. It not only validates such districts but in addition purports to constitute them independent school districts. The subject declaring such districts as independent districts is not expressed in the title.

As a general rule, a title should be neither broader nor narrower than the body of an Act. Abernathy C. Line Consol. etc. v. New Deal R.H.S. Dist., 175 S.W. 2d 446 (Tex.Civ.App.1943, error ref. w.o.m.); Ex parte Winslow, 144 Tex.Crim. 540, 164 S.W. 682 (1942); Landrum v. Centennial R.H.S. Dist. No. 2, 134 S.W.2d 353, (Tex.Civ.App.1939, error dism., judgm.cor.); 39 Tex.Jur. 99, Statutes, Sec.46.  When the title of an Act is too narrow or restrictive to cover the body thereof, those portions of the Act not embraced in the title are void. Sutherland v. Board of Trustees 261 S.W. 489 (Tex.Civ. App.1924, error ref.); Abernathy C. Line Consol. etc. v. New Deal R.H.S. Dist., supra; 39 Tex.Jur. 100, Statutes, Sec.46.

In view of the fact that the title of Senate Bill 230 is restricted to the subject providing that "districts consolidated under this Act shall constitute independent school district . . .", it is our opinion that the provision in Section 5 of the body of the Bill which purports to declare "any district heretofore formed by consolidation in the manner provided in this Act . . . an independent school district" is unconstitutional.  Tex.Const. Art. III, Sec.35.

Therefore, Senate Bill 230 is not to be construed as constituting any district heretofore formed in the manner provided in this Act as an independent school district.  Specifically, the provision of Section 5 of Article 2815-2, Vernon's Civil Statutes, (Sec.5, S. B. 230, Acts 51st Leg., R.S. 1949, ch. 573, p.1118) may not be construed to constitute the Plains Rural High School

District an independent school district.  Of course, any school district formed from two or more common school districts, from a common school district and a rural high school district, or from any combination of districts enumerated in Section 1 of Senate Bill 230 as a result of a consolidation election ordered and held in the manner provided in Article 2806, after the effective date of Senate Bill 230 (July 22, 1949), is an independent school district.

## SUMMARY

Insofar as Senate Bill 230, Acts 51st Leg., R.S. 1949, ch.573, p.1118 (Art.2815-2, V.C.S.) purports to constitute any district heretofore consolidated in the manner provided in this Act as an independent school district, it is in violation of Section 35, Article III of the Constitution of Texas inasmuch as such portions of the Act are not embraced within the Title, but any district formed from a combination of districts enumerated in Section 1 of Senate Bill 230, after the effective date thereof (July 22, 1949) by a consolidation election held in the manner provided in Article 2806, V.C.S., is an independent school district.

Under the facts submitted the Plains Rural High School District is not constituted an independent school district under the provisions of Senate Bill 230.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
Executive Assistant

By Chester E. Ollison

Chester E. Ollison
        Assistant

CEO:mw